UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ERIC M. SHEFFER<br>   Debtor | : | CHAPTER 13 |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>   Objectant | : | |
| vs. | : | |
| BRENNA MENDELSOHN, ESQUIRE<br>   Applicant | : | CASE NO. 1:21-BK-01940-HWV |

### TRUSTEE'S OBJECTION TO APPLICATION OF ATTORNEY
### FOR CHAPTER 13 DEBTOR FOR COMPENSATION
### AND REIMBURSEMENT OF EXPENSES

AND NOW, this 10th day of March, 2022, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by his attorney, James K. Jones, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the Application of attorney for Chapter13 debtor(s) for Compensation and Reimbursement of Expenses and states as follows:

1. Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case.

2. On September 3, 2021, Debtor filed a Petition *pro se* under Chapter 13 of the Bankruptcy Code.

3. On December 22, 2021, Applicant entered her appearance on behalf of the debtor. (ECF No. 49)

4. On March 4, 2022, Applicant filed the Final Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 66)

5. Prior to the most recent fee request, Applicant has submitted no Fee Applications.

6. Applicant's Final Fee Application requests $5,300.00 in fees and expenses.

7. Trustee avers that the compensation and/or expenses requested in the Fee Application are not reasonable for the following reasons:

   a. The Fee Application does not comply with the requirements of Local Rule 2016-2.

      1. Applicant opted for the Presumptively Reasonable Fee which caps compensation in this case at $4,500.00. Trustee currently has $3,515.96 in undistributed funds.

   b. The Fee Application includes charges for services which non-bankruptcy attorneys typically charge at a different rate than charged in the Fee Application.

      1. On 12/22/21, Applicant charged .2 hours to file the virtual entry confirming that the Rights and Responsibilities Agreement was executed. The filing of documents is generally considered a clerical task and not billed to the client.

      2. On 12/23/21, Applicant charged .1 hours to review an Order regarding the Certificate of Service for the plan. The Order was entered due to Applicant's omission to file the certification and therefore should not be billed to the debtor.

      3. On 12/29/21, Applicant charged .2 hours to serve the Amended Plan. The service of documents is generally considered clerical and not billed to the client.

   c. The Fee Application includes charges that were not performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed.

      1. On 2/8/22, Applicant charged 2.0 hours to prepare and file a response to a Motion for Relief From Stay. The extended period of time to respond to such a motion is either not reasonable or lacks a detailed description as to the services performed.

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing appropriately adjust Applicant's request for compensation.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/James K. Jones
Attorney for Trustee
jjones@pamd13trustee.com

## CERTIFICATE OF SERVICE

AND NOW, this 10th day of March, 2022, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Brenna Mendelsohn, Esquire
637 Walnut Street
Reading, PA 19601

/s/Deborah A. Behney
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee